O’Donnell, J.,
dissenting.
{¶ 28} I respectfully dissent.
{¶ 29} Today, the Ohio Supreme Court charts a new course for itself: resolution of conflicting judgments issued by different panels within a district court of appeals. Our role has been to consider accepting a certified question of law when an appellate court has determined that its judgment in a given case conflicts on a question of law with a judgment reached by another appellate district of the state. See Article IV, Section 3(B)(4), Ohio Constitution; App.R. 25; S.Ct.Prac.R. 8.02. But to my knowledge, our court has not heretofore accepted review of intracourt conflict cases. Yet that is essentially what the court does here, consolidating and deciding the merits of two cases in which two different panels of the Eighth District Court of Appeals issued conflicting legal rulings.
{¶ 30} With today’s opinion, we start the court down a long road to resolving such conflicts and retreat from our holding in In re J.J., 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph two of the syllabus, and the plain language of App.R. 26(A)(2), which require appellate courts to resolve intradistrict conflicts using an en banc procedure. Each appellate district is to decide the law on given substantive legal questions for itself. By doing so, trial courts in that jurisdiction understand how legal questions should be resolved and lawyers know how to advise their clients. But when separate panels within the same appellate district reach opposite conclusions on the same legal question, the stability of the law on those matters is disrupted, with a corresponding appellate court duty to resolve the matter. In re J.J. at ¶ 18. Convening en banc to decide intradistrict conflicts not only “promotes finality and predictability of the law within appellate districts,” but also serves “the fundamental purpose for the operation of courts— the resolution of legal disputes.” McFadden v. Cleveland State Univ., 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 15-16.
{¶ 31} This court has spent considerable effort to guide appellate judges in the en banc process, and it is puzzling why the Eighth District in these cases chose to leave lawyers and litigants in Cuyahoga County uncertain about the state of the law. And this is not the first time the Eighth District has resolved the same legal issue in different ways on the same day. See, e.g., In re J.J. at ¶ 17.
*248 Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski and T. Allan Regas, Assistant Prosecuting Attorneys, for appellant in case No. 2012-2093 and for appellee in case No. 2012-2156.
Brian R. McGraw, for appellee LaShawn Amos in case No. 2012-2093.
Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant Christopher Richmond in case No. 2012-2156.
{¶ 32} Confusion within an appellate district does not lead to the conclusion that this court should resolve intradistrict conflicts arising within that district. Rather, our role is, has been, and should be to order the appellate court to resolve the conflict via en banc consideration. Only after that occurs, upon proper discretionary appeal or the filing of a certified-conflict question, should this court decide whether it will exercise its jurisdiction to accept the case for resolution in conformity with our practice in accepting cases for review.
{¶ 33} In this instance, I would not resolve the merits of the legal issue presented but would remand both cases to the Eighth District Court of Appeals with instructions to resolve the legal question in a consolidated en banc proceeding.
{¶ 34} Accordingly, I dissent from the judgments in these cases.